UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-251-MOC-DCK-1

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MARCUS ANTONIO DURHAM, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 48). Defendant is currently incarcerated at FCI Loretto in Loretto, Pennsylvania. The Government has responded in opposition to the motion.

I.  BACKGROUND

Defendant pled guilty in this Court to a Bill of Information charging him with one count of Conspiracy to Distribute and Possession with Intent to Distribute Cocaine Base. (Doc. No. 37 at ¶ 1). At his sentencing, this Court enhanced Defendant's sentence because he possessed a dangerous weapon and maintained a place for distributing a controlled substance. (Doc. No. 45). Additionally, because of Defendant's long criminal history, which included convictions for offenses such as Sale of Cocaine (multiple counts), Possession with Intent to Sell and Deliver Cocaine (multiple counts), Possession with Intent to Sell Marijuana, Maintaining a Dwelling for Distribution of a Controlled Substance (multiple counts), and Possession of a Firearm by Felon, this Court sentenced Defendant as a Career Offender. (Id.). Ultimately, this Court sentenced Defendant to 120 months' imprisonment. (Doc. Nos. 43, 44). Now, after serving only two years

1

of that sentence, Defendant requests a sentence reduction in light of COVID-19.

## II. DISCUSSION

The Court denies Defendant's request for a sentence reduction because he has not demonstrated "extraordinary and compelling reasons" warranting release. Under the relevant provision of Section 3582(c), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A).

To state a cognizable basis for a sentence reduction based on a medical condition, a defendant first must establish that his condition falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13, cmt. n.1(A). If a defendant's medical condition does not fall within one of the categories specified in the application note (and no other part of the application note applies), his motion must be denied.

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not fall into either of those categories and therefore

---

[1] Defendant seeks relief under subsection (i) of Section 3582(c)(1)(A). He does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.

could not alone provide a basis for a sentence reduction. The categories encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594 (3d Cir. 2020).

 That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I). While COVID-19 may affect whether an inmate can show "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A), to make such a showing, a defendant must show that he or she has a condition or characteristic that is a cognizable basis for compassionate release under the current criteria, that that condition or characteristic elevates the inmate's risk of becoming seriously ill from COVID-19 under the CDC guidelines and that the defendant is more likely to contract COVID-19 in his or her particular institution than if released. See United States v. Feiling, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases).

 The Government concedes in its response that it is possible that Defendant has a chronic medical condition that the CDC has identified as elevating the inmate's risk of becoming

seriously ill from COVID-19 that may, if substantiated, satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") may, under certain circumstances, be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

The BOP contemplated Defendant's request in conjunction with COVID-19 and, after a thorough review, which included a summary of Defendant's medical information, determined that Defendant "[had] not been diagnosed with an incurable progressive illness;" "[has] not suffered from a debilitating injury from which [he] will not recover;" "[was] not completely disabled and [is] able to perform activities of daily living;" "[was] not confined to a bed or chair more than 50% of waking hours;" and that "[he] does not have a diagnosis of a cognitive deficit which affects his mental capacity or function." See (Gov't Ex. 1, p. 2). Therefore, based on the criteria enunciated in its Program Statement, located at https://www.bop.gov/policy/progstat/5050_050_EN.pdf, the BOP denied Defendant's request.

Here, Defendant, age 36, asserts that because he has "high blood pressure," he is "at higher risk of death or serious illness from COVID-19." (Doc. No. 48 at p.2). The Centers for Disease Control and Prevention (CDC) has identified two categories of medical risk factors affecting the likelihood of severe outcomes from COVID-19. First, the CDC presents a list of conditions that, according to current data, definitively entail a greater risk of severe illness. These conditions include cancer, chronic kidney disease, COPD, immunocompromised state (weakened immune system) from solid organ transplant, obesity, serious heart conditions, such

4

as heart failure, coronary artery disease, or cardiomyopathies, sickle cell disease, and Type 2 diabetes mellitus. Hypertension is not on this list. The CDC also published a second list and noted that "people with [those] conditions might be at an increased risk for severe illness from COVID-19." Hypertension is included on this second list. In announcing this list, the CDC commented that "COVID-19 is a new disease. Currently there are limited data and information about the impact of underlying medical conditions and whether they increase the risk for severe illness from COVID-19."

Given the lack of data and certainty regarding this second group of conditions, the fact that Defendant has a condition that may increase his risk for severe illness from COVID-19, without more, does not present an "extraordinary and compelling reason" under the compassionate release statute and U.S.S.G. § 1B1.13. See United States v. Wilson, No. 2:18cr132, 2020 WL 4901714, at *5 (W.D. Wash. Aug. 20, 2020) ("As to Mr. Wilson's hypertension claim, at best, the CDC has only concluded to date that it might be a risk factor. This contention alone is not sufficient to justify or warrant conclusion that Mr. Wilson's risks of COVID-19 warrant an extraordinary and compelling reason for early termination of his sentence."). Furthermore, Defendant has not presented any evidence from which the Court could conclude that he cannot provide self-care and that he is not expected to recover from his hypertension. In fact, according to Defendant's relevant medical records, Defendant can provide his own self-care but chooses not to. That is, at his most recent medical appointment, the medical staff at FCI-Loretto noted that Defendant "had not taken" his blood pressure medicine and that he would be counselled "on good compliance and need to take [the medicine] each morning." See (Gov't Ex. 2, p.1). The records also indicate that Defendant's hypertension is a relatively new condition. As the Government notes, in September 2019, Defendant denied

5

having hypertension on several occasions, and, apparently, medical professionals first prescribed him medication for it only a few months ago, in June 2020. See (Gov't's Ex. at pp. 28, 31, 34, 63, and 1-3). Based on the foregoing reasons, Defendant has not established that there are extraordinary and compelling reasons warranting a reduction in sentence.

Defendant's motion is also denied because he must show his circumstances are extraordinary and compelling in light of the factors set forth in 18 U.S.C. § 3353(a) and that he is not a danger to the safety of any other person or the community. Defendant has not and cannot make such a showing. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

The Section 3553(a) factors include the nature and circumstances of Defendant's offense, his history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). These factors weigh against Defendant's early release. Defendant is a career drug trafficker who is only two years removed from that life. He has a lengthy criminal history that includes convictions for a multitude of drug offenses as well as gun crimes. Neither probationary sentences nor the jail terms he served after the court revoked his probation deterred him from committing crimes. With regard to the instant offense, Defendant admitted that he had been dealing drugs since at least 2011 and that he had a firearm in his home for protection after a robbery. (Doc. No. 37 at ¶ 28).

The Court's original sentence of 120 months reflects the seriousness of the crime, which involved firearms, money, and a large quantity of drugs. Defendant's significant sentence also promoted respect for the law and provided just punishment. Reducing Defendant's sentence would undermine those factors. Additionally, based on his history of recidivism, Defendant requires further specific deterrence, and general deterrence is an especially important factor with regard to violent crimes. According to the BOP, Defendant has served approximately 24 months of his 120-month sentence thus far. Permitting Defendant to cut his sentence by about 80% undercuts the idea of deterrence and is not appropriate. See United States v. Doty, No. 2:18cr34, 2020 WL 3440948, at *3 (S.D.W. Va. June 23, 2020) (inmate is medically vulnerable and at institution with outbreak, but release after less than a third of 42-month sentence, imposed for a fraud she committed while superintendent of schools, would be inappropriate). Therefore, in light of Defendant's danger to the community and the Section 3553(a) factors, this Court will deny his request for a sentence reduction.

Finally, the Court notes that Defendant seeks to be placed in home confinement. Once a court imposes a sentence, BOP is solely responsible for determining an inmate's place of incarceration. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request. Because Section 3582(c) deprives the Court of jurisdiction to grant home confinement and because Defendant offers no

7

other statutory authority to support his request for such relief, this Court has no authority to act on his request for such relief in this forum.

Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 48), is **DENIED**.

Signed: September 17, 2020

Max O. Cogburn Jr
United States District Judge